|                          | HONORABLE JEROME B. SIMANDLE |
|--------------------------|------------------------------|
| MICHAEL GRANT,           |                              |
|     Petitioner, | Civil Action No. 18-14356 (JBS) |
| v.                       |                              |
| FORT DIX,                | **OPINION**                  |
|     Respondent. |                     |

APPEARANCES:

Michael Grant, Petitioner pro se
#62906-037
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

    1.    Michael Grant, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Petition, Docket Entry 1].

    2.    Petitioner states that he was convicted in the Circuit Court of Maryland for possession of a handgun and sentenced to four months of jail time with 18 months' probation on January 1, 2016. [Docket Entry 1 at 4].

    3.    He states that on February 22, 2017, he was seized "by Strangers identifying themselves to be the 'Independent Government of THE FEDS.'" [*Id.* at 5 ¶ 4].

4.      He was then "transported against my own will out of the State of Maryland by THE FEDS Government to serve a term of incarceration under the laws and custody of the Independent Government's Laws." [*Id.* ¶ 5]. The Court interprets this as stating he was convicted and imprisoned on a federal charge.

5.      He alleges "THE FEDS officers declared all laws and judicial decisions and Constitutional guarantees of the State of Maryland protecting my body, liberty, and private labor from custody of 'THE FEDS' Government has been abrogated by THE FEDS." [*Id.* ¶ 6].

6.      He states he has been held in the custody of "the Independent Government of THE FEDS within and outside the State of Maryland." [*Id.* ¶ 7].

7.      The petition, as best the Court can discern, asserts that the federal government has no authority to hold Petitioner.

8.      The Federal Bureau of Prisons' Inmate Search indicates that Petitioner was released from custody on December 14, 2018. Inmate Search, *available at* https://www.bop.gov/inmateloc/ (last visited Dec. 20, 2018).

9.      The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all

stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

10. As Petitioner has been released from federal custody and there is no other relief the Court could grant, this petition is now moot.

11. An accompanying Order will be entered.


**December 21, 2018**        s/ Jerome B. Simandle
Date                         JEROME B. SIMANDLE
                             U.S. District Judge